## Cawthon v. Jones.

(Decided October 6, 1931.)

W. A. BERRY for appellant.

C. A. WICKLIFFE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Reversing.

Appellant and appellee, colored people of Paducah, had lived together for a number of years, and there had

been born to them a son. Appellant by industry and frugality had gotten together some little property. The appellant and appellee finally separated, and appellee brought suit against the appellant for the adjustment of property rights and for a provision for the support of their child. An agreed judgment was entered in that suit which the parties later attempted to modify by an oral contract. So far as the appellee's rights under the judgment were concerned, the parties, as the pleadings and proof in this case established, agreed to modify them as succinctly set forth by the court in its instructions to the jury thus: The appellant was to pay to appellee the sum of $10 per week as compensation to her for taking care of and looking after their child; he was to furnish her a house in which to live; she was to run a decent place in which to raise their child; she was not to run after or go with other men; whenever she ceased to do such or any of the things above set out, appellant should have the right to stop the payments of $10 per week. Pursuant to this contract, appellant did furnish the appellee a house in which to live, and she has continued to live in it up at least to the trial of this suit. He paid her for a while the agreed weekly payments, and then ceased to make any further payments on the ground that she was not running a decent house and was running after or going with other men. He also complained that appellee was not taking proper care of the boy, but the evidence in this case indicates to the contrary. After appellant had been in default of his weekly payments for something in excess of 80 weeks, appellee brought this suit against him to collect the same. She joined in this suit as a party plaintiff their infant child in an effort to enforce his rights under the agreed judgment in the prior litigation, but, on motion made by the appellant to require her to elect which cause of action she would prosecute, she elected to prosecute her own cause of action, and the other cause disappeared from this litigation. Appellant defended this suit on the grounds above stated. Appellee traversed the position taken by the appellant, and, on the issues thus raised, the parties went to trial. The jury found a verdict in favor of the appellee in the sum of $500, and, from the judgment entered on that verdict, this appeal is prosecuted.

Appellant relies on two grounds for reversal: First, he contends that appellee had no right to prosecute this

suit, as she was not the real party in interest. The contract as above outlined and established by the pleadings and proof is a contract between the parties to pay the appellee for her work and services in taking care of the infant child. Although the infant child got the benefit of the contract, yet it was one for services to be rendered by the appellee and for which she was to be paid. She was the proper party to bring the suit, and there is no merit in this contention.

The second ground relied on for reversal is that the verdict is flagrantly against the evidence, and in this we are constrained to concur. While appellant herself testified that she ran a decent home and behaved herself, yet the testimony of almost all of the other witnesses introduced, both for her and for the appellant, showed that crowds congregated at her home at night, indulged in drinking, lewd and lascivious conduct, loud and boisterous talking and fussing, and in fact made the house she ran anything but a decent house. She is supported in her contention that the place was a decent house by practically no one except her witness Maggie Gardner, whose testimony was shaken on cross-examination. The other witnesses, eight in number, aside from the appellant, sustain his contention as to the character of place she ran. Appellee based her cause of action on the contract stated, and, as she was under the contract to be paid only under certain conditions, she cannot recover unless she shows a compliance with those conditions. The verdict of the jury to the effect that she had complied with the conditions is in the state of this record flagrantly against the evidence.

The judgment is therefore reversed, with instructions to grant the appellant a new trial in conformity with this opinion.